IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE SALO,

      Plaintiff,　　　　　　　　　　　　No. CIV S-06-0938 WBS KJM PS

    vs.

FEDERAL ELECTION COMMISSION, et al.,　　　<u>FINDINGS AND RECOMMENDATIONS</u>

      Defendants.

_____/

       Pending before the court are the motions to dismiss of defendants Federal Election Commission ("FEC") and 21st Century Insurance Company ("21st Century"). Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

       Defendant FEC moves to dismiss on the ground this court lacks jurisdiction to hear plaintiff's claims against this defendant. Defendant FEC is correct. Assuming arguendo that the complaint sufficiently alleges a claim against the FEC for failing to take action on administrative complaints filed by plaintiff with the FEC, exclusive jurisdiction is vested in the United States District Court for the District of Columbia. 2 U.S.C. § 437g(a)(8). As such, this court lacks jurisdiction over any such claim. With respect to any other claim plaintiff may be alleging against this defendant, there is no waiver of sovereign immunity either pled or evident in the complaint. <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983); <u>FDIC v. Meyer</u>, 510 U.S.

1

1  471, 475 (1994). Defendant FEC should therefore be dismissed.

2  Defendant 21st Century moves to dismiss on the ground there is no intelligible claim pled against this defendant. The gravamen of the complaint revolves around an alleged conspiracy to harass plaintiff, covering a span of many years, which culminated in plaintiff's vehicle being towed by the City of Berkeley. The complaint thus is utterly devoid of any cognizable claim against defendant 21st Century. Because it does not appear plaintiff can state any claim against defendant 21st Century, the motion to dismiss should be granted.

This action was removed from state court under 28 U.S.C. § 1442 by defendant Federal Election Commission. With the dismissal of this defendant, the remaining claims raise no federal issues. Under 28 U.S.C § 1367, the court should decline to exercise supplemental jurisdiction and remand the case to state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motions to dismiss of defendants Federal Election Commission and 21st Century Insurance Company be granted.

2. This action be remanded to the Superior Court of California, County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 26, 2007.

006/salo.57

_____
U.S. MAGISTRATE JUDGE

2